UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

MARK KIRK JONES, )
    Plaintiff(s); )
     )
-vs.- ) No. CV-95-P-2178-W
     )
ALABAMA DEPARTMENT OF )
MENTAL HEALTH AND MENTAL )
RETARDATION, et al. )
    Defendant(s). )

## OPINION

The defendant Alabama Department of Mental Health and Mental Retardation's Motion for Summary Judgment was considered at the March 27, 1997 motion docket. For the following reasons, this motion is due to be granted.

### Facts[1]

The plaintiff, Mark Kirk Jones ("Jones"), has been employed by Bryce Hospital ("Bryce"), a division of the defendant, the Alabama Department of Mental Health and Mental Retardation (the "Department"), since September, 1990, as an Equipment Operator I, and is still employed in that capacity.

In a letter dated March 7, 1994 Jones was counseled for "negligence in the line of duty and . . . failure to complete an incident report timely." The letter was signed by Willie Lewis, the Director of Materials Management. Ray Rushing was Jones' immediate supervisor on March 22, 1994, when Jones received the counseling letter. The letter stemmed from an incident on

---

    1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

December 22, 1993, in which Jones was found to have hit a guy wire to an electric pole, causing a power outage and damage to equipment. Jones did not file a written incident report that day. He signed a written report on December 27, 1993 and indicated that he drove under the wire and felt it fall on his truck. However, Jones denied that he caused the wire to fall. The Bryce police department investigated the incident and concluded that Jones caused the wire to fall. Jones appealed the written counseling through four steps pursuant to Department policy. On April 27, 1994, at the third step of his appeal, Jones complained that the letter and the subsequent verbal counseling was not by his immediate supervisor, as required by Department policy, that he was not notified that he was under investigation within 10 days, as required by Department policy, that he was not permitted to have with him the employee representative of his choice at earlier steps in the appeals process, and that he was subjected to a comment by Rhonda Russell, the secretary in Personnel, in retaliation for pursuing the appeals process. Jones stated that Ms. Russell said, "You're beginning to be a pain, boy." On July 27, 1994 a hearing officer recommended that the letter remain in Jones' personnel file, and on September 15, 1994 the Commissioner of the Department accepted the recommendation of the hearing officer.

In March, 1996 Bryce investigated damage to a Department truck. The truck was driven by several employees before the damage was reported. The Bryce police department concluded that none of the employees knew how the damage occurred, and that all of the employees thought that the damage had already been reported. No action was taken. At least one of the employees was white.

At some time prior to May 6, 1994 Jones requested that a black employee, David Daniels, be his personal representative throughout the internal appeals process. On May 6, 1994 Fanning,

2

the Personnel Director, wrote Jones to explain that he had not prevented Daniels from attending the proceedings of the complaint appeals. Fanning explained that he had told Daniels he could not represent management, as he was not on the rotation for doing so, but that he was welcome to assist Jones if he wished to do so. Fanning also explained that he could not require Daniels to assist Jones and that Daniels would have to represent Jones on his personal time.

On July 12, 1994 Jones received a performance evaluation dated June 24, 1994 that rated him as "1" or "Partially Meets Standards" in the category of "Drives Van & Truck." He complained to James H. Reddoch, Jr., the Hospital Director, that Lewis told Rushing to give him a poor rating. The Department states that Jones was given the poor review due to the December 22, 1994 incident. On August 26, 1994 Reddoch changed the review to a "3" or "Exceeds Standards."

On August 22, 1994 Jones filed an internal complaint of retaliation and harassment. In it, he alleged that Lewis harassed him for filing his earlier complaint by taking away his privilege of keeping his beeper after work and on weekends. Jones complained that white employees were not required to do the same, but did not identify any particular employee. Jones also complained about the low score on his evaluation.

On October 11, 1994 Jones filed another internal complaint of retaliation and harassment. In it, he alleged that Lewis continued to harass him. He said that Lewis did not require a female employee, Linda Gosa, to operate the forklift, and told her to page Jones whenever a truck arrived that required a forklift to unload. Jones also stated that Lewis allowed Gosa to sell Avon products. Jones also complained that on September 26, 1994 Lewis falsely accused him of calling Gosa a "fucking bitch" after a conflict between Jones and Gosa over the placement of feeding

pumps. He complained that Lewis and Gosa were in a conspiracy to harass him.

On December 9, 1994 Jones requested leave time. Lewis denied his request on December 14, 1994. Jones received leave time on other occasions. Jones states that he was denied a hearing on the denial of his leave time.

On September 19, 1994 Jones sent a letter to the Equal Opportunity Commission "EEOC"), which was received on September 21, 1994. In the letter, Jones complained of retaliation and harassment stemming from the following actions: Lewis' removal of Jones' beeper and coercion of Rushing into giving Jones a low performance evaluation; Russell's comment that Jones was a pain; Fanning's prevention of Daniels' attendance at an internal hearing; and notification of the outcome of the appeals process at home rather than at Bryce. Jones complained that the initial counseling letter was discriminatory. He also contended that his allegations of racial harassment were not investigated, although a white female's allegations of sexual harassment were investigated. On March 13, 1995 Jones filed an amended EEOC charge. The EEOC issued a right-to-sue letter on May 15, 1995 and stated that Jones' initial charge was untimely filed. Jones filed this lawsuit on August 15, 1995 against the Alabama Department of Mental Health and Mental Retardation, James Reddoch, Jr., Jerry Shrum, Thomas Fanning, M. Thomas, Emmett Poundstone, R. Frank Ussery, Rhonda Russell, and Charles Fetner.

In his complaint, Jones alleges violations of the Fourteenth Amendment and § 1981, and retaliation and racial harassment in violation of Title VII.

## Analysis

I.     Fourteenth Amendment or § 1983 claims

The Department argues that any Fourteenth Amendment or § 1983 claims are barred by

4

the doctrine of sovereign immunity. To the extent that Jones bases his claims on § 1983, summary judgment is due to be granted for the Department because the Department is an agency of the state, and the state is not a person subject to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). To the extent that Jones bases his claims on the Fourteenth Amendment, he is required to demonstrate that the constitutional violation was caused by a policy or custom, because there is no respondeat superior liability in suits directly under the Fourteenth Amendment. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989). Jones has introduced no evidence that the Department acted in accordance with any custom or policy when allegedly depriving him of his rights under the Fourteenth Amendment. Therefore, the Department is due summary judgment on any claims Jones makes based directly under the Fourteenth Amendment.

II.    § 1981 Claims

The Department argues that any claims against the state for monetary relief or retrospective injunctive relief are barred by the Eleventh Amendment. As well, the Department argues that to state a claim under § 1981 a plaintiff must demonstrate that the government agency acted pursuant to a custom or policy.

Liability under § 1981 requires that the plaintiff demonstrate that the alleged violation was caused by a custom or policy of the governmental entity. *Jett*, 491 U.S. at 735-36. Jones has introduced no evidence that the Department acted in accordance with any custom or policy when allegedly subjecting him to racial discrimination in violation of §1981. Therefore, the Department is due summary judgment on Jones' § 1981 claims.

III.    Title VII Claims

Jones makes claims of racial discrimination as to the March 7, 1994 counseling letter, the June 24, 1994 performance evaluation, the December 14, 1994 denial of his leave request, the confiscation of his beeper, the comment by Russell, Fanning's prevention of Daniels' attendance at an internal hearing, the refusal to investigate his two internal complaints of racial discrimination, and the alleged general harassment by Lewis and Gosa. He also claims that many of these actions were in retaliation for his complaints that the counseling letter was unjustified and racially motivated. The Department argues that Jones' claims are in part time-barred and that he cannot establish a prima facie case of racial discrimination or retaliation.

To some extent, Jones' claims are time barred. Title VII requires that a charge be filed with the EEOC within 180 days after the alleged unlawful practice occurred. 42 U.S.C. § 2000e-5(c). Jones' first communication with the EEOC was received September 21, 1994, more that 180 days after the March counseling letter. Even if the claims of racial discrimination were not time-barred, Jones has not established a prima facie case of racial discrimination with regard to the letter.

To establish a prima facie case of racial discrimination under Title VII, a plaintiff must show that he belongs to a group protected by the statute, that he was entitled to certain terms and conditions of employment, and that he was denied those terms and conditions in situations where similarly situated white employees were not. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Once the plaintiff has established a prima facie case, the employer must articulate a legitimate, non-discriminatory reason for the conduct. *Id.* at 802-03. If the employer articulates such a reason, the burden is on the plaintiff to establish that the employer's stated

6

reason is a pretext for discrimination. *Id.* at 804.

With respect to the counseling letter, Jones cannot establish a prima facie case of racial discrimination because he can point to no similarly situated white employee who was treated differently. After an investigation, it was determined that Jones was the cause of the incident and that Jones did not file an incident report within 24 hours after he knew that an incident occurred. Jones points to a white employee who did not get a counseling letter after not reporting damage to a truck. However, in that incident, after investigation, it was found that no employee who drove the truck knew anything about when the damage occurred and all thought that someone else must have already reported it.

If Jones' complaint is construed as complaining of ongoing racial discrimination Jones has either not stated a prima facie case or the Department has articulated a legitimate, non-discriminatory reason for the conduct. As to the denial of annual leave, Fanning's prevention of Daniels' attendance at an internal hearing, the comment by Russell, the failure to investigate claims of racial discrimination, and the harassment by Gosa and Lewis, Jones has not stated a prima facie case. With regard to the denial of leave and Fanning's prevention of Daniels' attendance at an internal hearing, Jones cannot point to any similarly situated white employee who was treated differently. With regard to the August 22, 1994 and October 11, 1994 complaints, Jones complains that they were not investigated in the same manner as a complaint by Emma Jackson, a white employee. The Department states that it did not investigate Jones' complaint like that of Jackson because she was complaining under the Department's sexual harassment policy, which has a different procedure. Therefore, Jackson was not similarly situated. Russell's comment and any comments or actions by Gosa and Lewis do not rise to the level of conduct so

7

severe or pervasive as to alter the condition of the workplace and create an abusive and hostile atmosphere, and so do not state a prima facie case of racial harassment.

As to the poor performance evaluation and the beeper, the Department has articulated legitimate, non-discriminatory reason for the conduct. The Department states that Jones' supervisor gave him a poor performance evaluation in the category of truck driving because of the December, 1993 incident. When the evaluation was reviewed, the poor score was changed to one that indicated that Jones exceeded expectations. If any racial discrimination did occur, the Department took prompt remedial action. The Department states that Lewis required Jones to leave his beeper at the office after hours and on weekends so that other workers could use it. Jones presents no evidence to refute this and can point to no specific, similarly-situated white employee who was treated differently.

Jones' complaint can also be construed as complaining of retaliation. To establish a case of retaliation under Title VII, the plaintiff must show that the employee's activity is protected by Title VII, that the employee suffered an adverse employment decision, and that a causal link exists between the protected activity and the adverse employment action. *Jordan v. Wilson*, 851 F.2d 1290, 1292 (11th Cir. 1988). Assuming that Jones' complaints about the counseling letter are protected conduct under Title VII, and even assuming that Jones has demonstrated that he suffered an adverse employment decision, Jones has not demonstrated any causal link between any adverse employment action and his complaints. The Department has introduced evidence that poor evaluation was based on the December 1994 incident. In addition, the rating was changed after Jones complained. The denial of the leave request on December 14, 1994 does not indicate retaliation because Jones was granted leave on other occasions subsequent to his making the

complaints. The Department has introduced evidence that Lewis required Jones to leave his beeper on Bryce premises at night and on weekends so that other employees could use it. Jones has been unable to point to a specific white employee who was treated differently. Jones has not introduced evidence that Fanning prevented Daniels from attending internal complaint proceedings as Jones' representative in retaliation for making the complaints. Fanning stated that Daniels could not participate as management's representative and that Daniels would have to represent Jones on personal time. The Department has stated that any failure to investigate Jones' August 22, 1994 and October 11, 1994 complaints the way that a complaint by Emma Jackson was investigated stemmed from the fact that in the August complaint Jones primarily discussed his poor evaluation, which was changed on August 26, 1994, and the fact that Jackson complained under the Department's sexual harassment policy. Jones has introduced no evidence that conflicts between himself and Gosa, or comments by Gosa and Lewis, were prompted by his complaints. The comment by Russell could possibly be construed as being prompted by Jones' complaints, but cannot be considered an adverse employment action.

## Conclusion

Because Jones has not introduced any evidence that conduct that allegedly violates § 1983, the Fourteenth Amendment, or § 1981 was engaged in pursuant to a Department custom or policy, and because the state is not a person capable of being sued for the purposes of § 1983, the Department is due summary judgment on Jones' § 1983, Fourteenth Amendment, and § 1981 claims. Because either Jones's claims are time barred in part, Jones has not stated a prima facie case, or the Department has articulated a legitimate, non-discriminatory reason for its conduct, the Department is due summary judgment on Jones' Title VII claims.

Dated: April __9__, 1997

                                                  Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Mark K. Jones
    Ms. Nancy S. Jones